# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2025 CA 0103

## BRANDY HARRY

### VERSUS

## ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, SHELL CHEMICAL LP, TURNER INDUSTRIES GROUP, LLC AND JOHN "BRITT" DOE

*Judgment Rendered:* **SEP 2 4 2025**

\*\*\*\*\*\*\*\*

Appealed from the
23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Case No. 137,234
Honorable Jason M. Verdigets, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Bobby G. Hawkins<br>Anthony D. Irpino<br>Kacie F. Gray<br>New Orleans, Louisiana | Counsel for Plaintiff/Appellant<br>Brandy Harry |
| Charles J. Duhe, Jr.<br>Willie Saltz<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Turner Industries Group |

\*\*\*\*\*\*\*\*

**BEFORE: LANIER, WOLFE, AND HESTER, JJ.**

**LANIER, J.**

In this suit by the plaintiff/appellant, Brandy Harry, against the defendant/appellee, Turner Industries Group, LLC (Turner), the Twenty-third Judicial District Court granted a motion to strike and a motion for summary judgment in favor of Turner, dismissing Ms. Harry's claims against Turner with prejudice. For the following reasons, we affirm the portion of the judgment that grants summary judgment in favor of Turner and vacate the portion that grants the motion to strike.

### FACTS AND PROCEDURAL HISTORY

On June 10, 2022, Ms. Harry was operating a golf cart on the property of Shell Chemical, LP (Shell), in the course and scope of her employment with Excel Modular Scaffold and Leasing Corporation (Excel). The golf cart was owned and maintained by Shell. As Ms. Harry approached an intersection of roads on Shell's property, a vehicle owned by Turner and operated by John "Britt" Doe, while in the course and scope of his employment with Turner, was crossing the intersection. The brakes on the golf cart allegedly failed, and Ms. Harry collided with the back end of the vehicle driven by Mr. Doe, causing injury to Ms. Harry.

On June 2, 2023, Ms. Harry filed a petition for damages containing the above claims. She named as defendants Shell, ABC Insurance Company as Shell's insurer, Turner, Mr. Doe, and XYZ Insurance Company as the insurer for Turner and Mr. Doe. She claimed that Turner was vicariously liable for Mr. Doe's actions that led to her accident, and that Shell was liable for providing her a golf cart with defective brakes. On June 14, 2024, Turner filed a motion for summary judgment, in which Turner submitted that Ms. Harry has no claim against it. Turner attached to the motion its memorandum in support, the petition for damages, and Ms. Harry's deposition.

2

On October 22, 2024, Ms. Harry filed an opposition to Turner's motion for summary judgment. She filed with her opposition a statement of disputed material facts, as the following: whether Mr. Doe could have avoided the collision through the exercise of reasonable care; whether Mr. Doe was using a phone at the time of the collision; and whether Ms. Harry could have avoided the collision after the brakes on the golf cart had failed. Additionally, Ms. Harry filed an affidavit, in which she claimed that Mr. Doe had seen her approaching, that she attempted to stop the golf cart but was unable, and that she collided with Mr. Doe's vehicle as a result. She further stated in the affidavit that witnesses to the accident told her that Mr. Doe was on his cell phone at the time of the collision, that Mr. Doe made no attempt to avoid the collision, and that after the accident, Ms. Harry was informed that the golf cart was taken out of service.

On October 30, 2024, Turner filed a motion and memorandum to strike portions of Ms. Harry's affidavit, specifically the portions where Ms. Harry alleged she was told by witnesses that Mr. Doe was using his cell phone at the time of the collision. Turner argued that those allegations made by Ms. Harry are hearsay. On November 21, 2024, the district court signed a judgment granting Turner's motion to strike. Specifically, the district court struck the statement in the affidavit that claimed witnesses to the accident told Ms. Harry that Mr. Doe was on the phone at the time of the collision, and the statement that claimed Ms. Harry was later informed that the golf cart was taken out of service following the accident. The judgment also granted summary judgment in favor of Turner and dismissed Ms. Harry's claims against Turner with prejudice.

Ms. Harry appealed the aforementioned judgment on December 4, 2024.

## ASSIGNMENTS OF ERROR

Ms. Harry has alleged the following errors by the district court:

1. The district court erred in dismissing Ms. Harry's claims of direct negligence against Turner, when those claims were not the subject of the motion for summary judgment before the district court.

2. The district court erred in granting Turner's motion for summary judgment because evidence shows that there is a disputed issue of material fact regarding whether Mr. Doe breached his duty under Louisiana law as a motorist to be observant.

3. The district court erred in granting Turner's motion for summary judgment because evidence shows that there is a disputed issue of material fact regarding whether Mr. Doe breached his duty under Louisiana law as a motorist to take reasonable steps to avoid an accident if there is enough time to afford him a reasonable opportunity to do so.

## DISCUSSION

The burden of proof on a motion for summary judgment rests with the mover: here, the defendant. La. C.C.P. art. 966(D)(1). In this matter, the defendant will not bear the burden of proof at trial; the burden of proof at trial rests with the plaintiff. Accordingly, once the defendant properly supports its motion for summary judgment, then under La. C.C.P. art. 966(D)(1), it needs to only point out to the district court the absence of factual support for one or more elements essential to the plaintiff's negligence claim: duty, breach, cause-in-fact, legal cause, or actual damages. *Pottinger v. Price*, 2019-0183 (La. App. 1 Cir. 10/23/19), 289 So.3d 1047, 1054.

Thereafter, the burden shifts to the plaintiff to produce factual support sufficient to establish the existence of a genuine issue of material fact, or that the defendant is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). The plaintiff may not rest on the mere allegations of denials in her pleadings, but her responses must set forth specific facts showing that there is a genuine issue for trial. If the plaintiff does not so respond, summary judgment, if appropriate, shall be rendered against her. See La. C.C.P. art. 967(B). If, however, the defendant fails in its burden to show an absence of factual support for one or more of the elements of the plaintiff's negligence claim, the burden never shifts to the plaintiff,

4

and the defendant is not entitled to summary judgment. Likewise, the failure of the plaintiff to produce evidence of a material factual dispute mandates the granting of the motion. *Pottinger*, 289 So.3d at 1054.

In her first assignment of error, Ms. Harry argues that the district court erred in dismissing her claim of direct negligence against Turner, when that claim was not made the subject of Turner's motion for summary judgment. We disagree. Liberal rules of pleading prevail in Louisiana and each pleading should be construed as to do substantial justice. *Haskins v. Clary*, 346 So.2d 193, 194 (La. 1977). Turner's motion for summary judgment states that Ms. Harry "has no claim against [Turner] as a matter of law." Read another way, the motion states that Ms. Harry does not have *any* claim against Turner as a matter of law. We conclude that Turner's motion for summary judgment did not specifically exclude the claim of direct negligence, nor any other claim, for that matter.

Furthermore, in its supporting memorandum, Turner states that all "evidence, facts, and testimony clearly show that [Mr. Doe] did nothing wrong and that there was nothing he could have done to avoid the accident." We find the argument by Turner that Mr. Doe did "nothing" wrong clearly means that Turner is arguing that there is absolutely no claim in negligence or otherwise that could attach to Turner through its employee's actions. Therefore, the district court did not err by addressing all of Ms. Harry's negligence claims against Turner. We find the first assignment of error to be without merit.

The second and third assignments of error both address whether summary judgment should have been granted due to there being no genuine issue of material fact. A "genuine issue" is a "triable issue." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 751. In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. *Id.* Formal allegations without substance

5

should be closely scrutinized to determine if they truly do reveal genuine issues of fact. *Id.* A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Id.* Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. *Id.*

Along with its motion for summary judgment, Turner attached the petition for damages and a certified transcript of Ms. Harry's deposition. As stated above, the petition for damages alleges that Mr. Doe carelessly operated his vehicle by failing to yield while in the course and scope of his employment with Turner, and in combination with the failed brakes on Ms. Harry's golf cart, the collision occurred and Ms. Harry was injured. Ms. Harry specifically cites the following acts or omissions that could be attributable to Mr. Doe or to Turner: failure to avoid the accident; failure to properly instruct employees; improper hiring practices; negligent operation of a vehicle; failure to yield; and careless operation of a vehicle.

In her deposition, taken on January 17, 2024, Ms. Harry stated that on the date of the accident, as she approached the intersection, which was regulated by a stop sign in her lane of travel, she intended to stop while Mr. Doe crossed. She testified that it had not rained on the day of the accident, so the roads were not wet, and the roads on which she and Mr. Doe traveled were smooth pavement. Ms. Harry testified that she could see Mr. Doe approaching, and that Mr. Doe should have been able to see her approaching as well. She stated that she attempted to apply the brakes to stop, but the golf cart "did not stop at all." She believed she was travelling at about five to ten miles per hour when she attempted to stop, and that when the golf cart did not stop, there was very little she could do to avoid the collision. Ms. Harry did not believe Mr. Doe saw her approaching because she

was later told by eyewitnesses that he was using his phone at the moment of the collision. Ms. Harry testified that the truck Mr. Doe was driving had a Turner decal on its side.

Ms. Harry was asked to read aloud her statement from the incident report, written on the day of the accident, which stated:

> I, Brandy Harry, was traveling north towards GBT to assist my coworker, Brandon Granger, with a job this morning. There was a Turner pickup truck traveling west. As I began to approach the stop sign, I started engaging my brakes. The cart didn't slow down or stop, which resulted into [sic] an accident. The Turner employee immediately came to my aid. He stated that he could tell that I was trying to stop, but the brakes failed. Roderick and Jorge witnessed everything.[1]

When Ms. Harry was asked what did Mr. Doe do wrong, she answered:

> [H]e was on the cell phone, meaning that he was not paying attention. Because if I was not able to stop, he could have indeed stopped too. Had he seen me coming and still was not able to stop [sic]. He said that he saw the cart coming, he saw me trying to stop the cart, but the cart would not stop. But if he was able to stop too, maybe the incident wouldn't have taken place as well. He had a more advantage [sic] being a bigger vehicle is what I'm saying.

It was Ms. Harry's belief that if she was able to see Mr. Doe approaching the intersection, Mr. Doe would have been able to see her approaching as well. Ms. Harry did not actually witness Mr. Doe using his cell phone while he was driving.

Ms. Harry testified that although Mr. Doe told her that he saw her approaching the intersection and could tell that her brakes weren't working, he made no evasive maneuvers to avoid a collision. Ms. Harry was asked what else, absent the possible phone use, was Mr. Doe doing wrong at the time of the accident, to which she answered, "I don't know."

In opposition to the motion for summary judgment, Ms. Harry submitted her own affidavit, dated October 21, 2024, in which she attested that she was involved in a collision on June 10, 2022 while operating a golf cart in her course scope of

---

[1] Roderick and Jorge were two of Ms. Harry's coworkers who witnessed the accident.

7

employment with Excel. She approached an intersection on the Shell property, which was regulated by a stop sign. She observed Mr. Doe approaching the intersection as she approached it, and Mr. Doe saw her as well. She attempted to stop, but the brakes on the golf cart failed and she was unable to stop. As a result, she collided with Mr. Doe. She further attested that she was unable to prevent the collision due to golf cart's brakes failing.

Ms. Harry also stated that her coworkers who witnessed the accident told her that Mr. Doe was on his cell phone at the time of the collision, and that he failed to take any evasive action to avoid the collision. She stated that had Mr. Doe been paying attention, he would have been able to avoid the collision.

The district court granted Turner's motion to strike Ms. Harry's affidavit on November 21, 2024, as to Ms. Harry's statement that she had been told by her coworkers that Mr. Doe had been using his cell phone at the time of the collision. She also made similar statements in her deposition. Ms. Harry made no objection to the district court's ruling on the motion to strike. However, the use of a motion to strike alone or incorporated in a memorandum filed in support of or in opposition to a motion for summary judgment is not appropriate. See *Arceneaux v. Arceneaux*, 2022-0814 (La. App. 1 Cir. 4/3/23), 364 So.3d 529, 536, n. 9, writ denied, 2023-00641 (La. 9/6/23), 369 So.3d 1271.

Under La. C.C.P. art. 966(D)(2), "[a]ny objection to a document shall be raised in a timely filed opposition or reply memorandum." Comment (k) of the Revision Comments 2015 to Article 966 states that this "provision changes prior law by specifically removing the motion to strike as a means of raising an objection to a document offered by an adverse party in support of or in opposition to a motion for summary judgment and does not allow a party to file that motion." The intent of La. C.C.P. art. 966D(2) was to make it mandatory that any objection to a document filed in support of or in opposition to a motion for summary

8

judgment must be objected to in a timely filed opposition or reply memorandum and not in a "motion to strike" or other pleadings. *Ramus v. KCJS Trucking, LLC*, 2019-0039 (La. App. 1 Cir. 9/27/19), 287 So.3d 728, 733; see also *Horton v. St. Tammany Fire Protection District #4*, 2021-0423 (La. App. 1 Cir. 12/30/21), 340 So.3d 994, 999; and *Paul v. LDG Port Royal Development, L.L.C.*, 2021-0269 (La. App. 1 Cir. 10/18/21), 2021 WL 4843937, *4, writ not considered, 2021-01722 (La. 1/12/22), 330 So.3d 616.

Nevertheless, even though the district court erred in granting the motion to strike, we find no error in the exclusion of the hearsay statements made in Ms. Harry's affidavit offered in her opposition to Turner's motion for summary judgment. Because the motion to strike is no longer a means of objecting to the hearsay statements, we must vacate that portion of the district court's November 21, 2024 judgment granting the motion to strike. See *Ramus*, 287 So.3d at 733.

The exhibits presented by Turner indicate that there was a stop sign for Ms. Harry's lane of travel, that she attempted to stop at the intersection, but could not do so as a result of the golf cart's allegedly faulty brakes. Mr. Doe had already begun crossing the intersection at the same time Ms. Harry attempted to stop. As a result, Ms. Harry collided with the rear driver's side of Mr. Doe's vehicle. In response, Ms. Harry only presented what she believed Mr. Doe should have done to avoid the collision. Affidavits with conclusory allegations which are devoid of specific facts do not satisfy the requirements that a summary judgment be made on personal knowledge. *Wolfe v. Quad-Area Community Action Agency, Inc.*, 2022-0203 (La. App. 1 Cir. 6/16/22), 352 So.3d 992, 995, writ not considered, 2023-01625 (La. 1/11/23), 352 So.3d 562.

Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles of La. C.C. art. 2315. For liability to attach under a duty-risk analysis, a plaintiff must prove five separate

elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause in fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damage element). *James v. Landry*, 2024-0976 (La. App. 1 Cir. 5/2/25), ___ So.3d ___, 2025 WL 1305240, *4, citing *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 2001-2217 (La. 4/3/02), 816 So.2d 270, 275-76. Breach of duty, cause in fact, and actual damages are all factual issues. *James*, at *4, citing *Snearl v. Mercer*, 99-1738 (La. App. 1 Cir. 2/16/01), 780 So. 2d 563, 574, writs denied, 2001-1319 (La. 6/22/01), 794 So. 2d 800 and 2001-1320 (La. 6/22/01), 794 So. 2d 801. Where there are concurrent causes of an accident, the proper inquiry is whether the conduct in question was a substantial factor in bringing about the accident. Whether the defendant's conduct was a substantial factor in bringing about the harm, and thus, a cause in fact of the injuries, is a factual question to be determined by the fact finder. *James*, at *4, citing *Bonin v. Ferrellgas, Inc.*, 2003-3024 (La. 7/2/04), 877 So.2d 89, 94; *Manno v. Guiterrez*, 2005-0476 (La. App. 1 Cir. 3/29/06), 934 So.2d 112, 116-17.

Turner pointed out an absence of factual support for the first element of the duty-risk analysis, shifting the burden to Ms. Harry. Ms. Harry failed to produce factual support sufficient to establish a genuine issue of material fact. Other than her own conclusory statements, she has failed to establish what standard of care Mr. Doe was required to follow while crossing the intersection. Ms. Harry's second and third assignments of error are without merit.

Based upon our *de novo* review of the record, we find that Ms. Harry for whatever reason failed to stop at the intersection, and as Mr. Doe crossed the

10

intersection, Ms. Harry collided with him. Turner successfully established this pattern of material facts in its motion for summary judgment, and that in response, Ms. Harry did not establish a genuine or triable issue in these material facts. The district court was therefore correct in granting Turner's motion for summary judgment.

## DECREE

The portion of the November 21, 2024 judgment of the Twenty-third Judicial District Court that grants summary judgment in favor of the appellee, Turner Industries Group, LLC, and dismissing all claims of the appellant, Brandy Harry, against the appellee, is affirmed. The portion of the judgment granting the motion to strike is vacated. Costs for this appeal are assessed to the appellant.

**SUMMARY JUDGMENT AFFIRMED; MOTION TO STRIKE VACATED.**

11